No. 24-1353

*In the*

# United States Court of Appeals
*for the*
# D.C. Circuit

MARYLAND OFFICE OF PEOPLE'S COUNSEL, AMERICAN MUNICIPAL POWER, INC., DELAWARE DIVISION OF THE PUBLIC ADVOCATE, DELAWARE ENERGY USERS GROUP, DELAWARE MUNICIPAL ELECTRIC CORPORATION, INC., DELAWARE PUBLIC SERVICE COMMISSION, MARYLAND PUBLIC SERVICE COMMISSION, and OLD DOMINION ELECTRIC COOPERATIVE,

*Petitioners,*

– v. –

FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent.*

**MOTION TO INTERVENE OF
NRG BUSINESS MARKETING LLC
AND MIDWEST GENERATION, LLC**

Pursuant to Federal Rule of Appellate Procedure 15(d), NRG Business Marketing LLC (NRG) (f/k/a Direct Energy Business Marketing, LLC) and Midwest Generation, LLC (Midwest), respectfully move to intervene in the above-captioned proceeding in support of Respondent the Federal Energy Regulatory Commission (FERC).

1

## BACKGROUND

In late 2022, PJM Interconnection L.L.C., a regional transmission organization, posted auction parameters for an electric capacity auction that would govern capacity prices for the delivery year that commenced on June 1, 2024. PJM posted the parameters, received binding offers for capacity from suppliers, then ran those offers through its auction algorithm to determine clearing prices for the delivery year. After reviewing the results, PJM sought to retroactively revise the auction parameters. FERC initially approved PJM's proposal, and PJM recalculated the auction results using the adjusted parameters, then awarded capacity commitments based on those results.

On March 12, 2024, the Third Circuit held in Nos. 23-1778, 23-1790, 23-1808, 23-1984, 23-2544, 23-2559, 23-2560, and 23-2612 that FERC's approval of PJM's proposal was retroactive ratemaking in violation of the filed rate doctrine. *PJM Power Providers Grp. v. FERC*, 96 F.4th 390, 401 (3d Cir. 2024) ("FERC allowed PJM to apply a new rule to an auction that was already underway, with the effect of altering a legal consequence that attached to a past action in the Auction."). The court vacated the offending portion of FERC's orders (*id.*) and issued an expedited mandate to allow FERC and PJM to address the error before the delivery year began in June (No. 23-1778, ECF Nos. 129, 130 (3d Cir.)).

On remand, FERC issued a new order on May 6, 2024. FERC's order faithfully complied with the Third Circuit's ruling, directing PJM "to recalculate the 2024/2025 BRA results under the status quo ante auction rules and parameters." *PJM Interconnection, L.L.C.*, 187 FERC ¶ 61,065, at P 22 (May 6, 2024) ("Remand Proceeding"). In accordance with FERC's order, PJM posted auction results, calculated using the original parameters, in advance of the 2024/2025 delivery year. Petitioners challenged FERC's decision, first on rehearing (*see PJM Interconnection, L.L.C., Order on Rehearing and Motion for Stay*, 187 FERC ¶ 61,107 (May 24, 2024) (denying rehearing)), and then in the Third Circuit (No. 24-2118).

While the Remand Proceeding was pending, Petitioners filed a complaint before the Commission on April 22, 2024, seeking relief under Section 206, which allows FERC to establish new rates when it finds that existing rates are unjust and unreasonable. *See PJM Load Parties v. PJM Interconnection, L.L.C.*, Docket No. EL24-104 ("Section 206 Proceeding"); 16 U.S.C. § 824e(a). In this separate proceeding, Petitioners requested that FERC find any recalculated prices unjust and unreasonable, determine replacement rates, and order refunds. In No. 24-2118, Petitioners moved the Third Circuit to hold their appeal of FERC's orders in the Remand Proceeding in abeyance pending resolution of the complaint in the Section 206 Proceeding,

and the Third Circuit granted the motion. No. 24-2118, ECF No. 25 (3d Cir. Aug. 5, 2024).

FERC denied the Section 206 complaint on July 9, 2024, and denied rehearing the following month. *PJM Load Parties v. PJM Interconnection, L.L.C.*, 188 FERC ¶ 61,020 (2024). FERC held that Petitioners' request "would be inconsistent with the Third Circuit's ruling." *Id.* P 21; *see PJM Power Providers Grp. v. FERC*, 96 F.4th 390, 401 (3d Cir. 2024) ("It is well established that the filed rate doctrine 'does not yield, no matter how compelling the equities.'" (quoting *Oklahoma Gas & Elec. Co. v. FERC*, 11 F.4th 821, 830 (D.C. Cir. 2021))). Petitioners subsequently obtained a voluntary dismissal of their Third Circuit challenge and filed a new petition for review in this case, challenging FERC's orders in the Section 206 Proceeding.

## STATEMENT OF INTEREST

NRG and Midwest seek to intervene in this case because they have direct and substantial interests that cannot be adequately represented by any other party. NRG and Midwest market electric power throughout the United States and are active participants in the market administered by PJM. They therefore have a direct interest in the tariff that governs pricing in that market. Because of their interests in these issues, NRG and Midwest successfully intervened before the Commission below, and NRG petitioned for review in the Third Circuit to challenge FERC's initial orders. *NRG*

4

*Power Marketing v. FERC*, Nos. 23-1984, 23-2560 (3d Cir.). Additionally, the Commission cannot adequately represent the interests of NRG and Midwest, both private entities. *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 321 (D.C. Cir. 2015) ("[W]e look skeptically on government entities serving as adequate advocates for private parties."); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) ("[W]e have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors.") (collecting cases).

Allowing NRG and Midwest to participate as intervenors would not inconvenience the Court or any other party, as the Court has not yet ordered a briefing schedule. This motion is filed within 30 days of the petition for review. *See* Fed. R. App. P. 15(d).

## CONCLUSION

NRG and Midwest respectfully request that they be permitted to intervene in this case with full rights attendant thereto.

Dated: December 4, 2024

Respectfully submitted,

/s/ *Paul W. Hughes*

PAUL W. HUGHES
DAVID G. TEWKSBURY
ANDREW A. LYONS-BERG
CONNOR J. SUOZZO
   *McDermott Will & Emery LLP*
   *500 North Capitol Street NW*
   *Washington, DC 20001*
   *(202) 756-8000*

*Counsel for NRG Business Marketing LLC and Midwest Generation, LLC*

No. 24-1353

*In the*

# United States Court of Appeals
## for the
## D.C. Circuit

MARYLAND OFFICE OF PEOPLE'S COUNSEL, AMERICAN MUNICIPAL POWER, INC., DELAWARE DIVISION OF THE PUBLIC ADVOCATE, DELAWARE ENERGY USERS GROUP, DELAWARE MUNICIPAL ELECTRIC CORPORATION, INC., DELAWARE PUBLIC SERVICE COMMISSION, MARYLAND PUBLIC SERVICE COMMISSION, and OLD DOMINION ELECTRIC COOPERATIVE,
*Petitioners*,

— v. —

FEDERAL ENERGY REGULATORY COMMISSION,
*Respondent*.

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 26.1 of the Rules of this Court, NRG Business Marketing LLC (f/k/a Direct Energy Business Marketing, LLC) and Midwest Generation, LLC (Midwest), state as follows:

NRG Business Marketing LLC and Midwest are wholly owned subsidiaries of NRG Energy, Inc. Vanguard Group, Inc., together with certain related entities, owns approximately 13 percent of NRG Energy, Inc.

1

Dated: December 4, 2024

Respectfully submitted,

/s/ *Paul W. Hughes*

PAUL W. HUGHES
DAVID G. TEWKSBURY
ANDREW A. LYONS-BERG
CONNOR J. SUOZZO
   *McDermott Will & Emery LLP*
   *500 North Capitol Street NW*
   *Washington, DC 20001*
   *(202) 756-8000*

*Counsel for NRG Business Marketing LLC and Midwest Generation, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for Intervenor certifies that this document:

(i) complies with Rule 27(d)(2)(A) because it contains 853 words, including footnotes and excluding the documents authorized by Rule 27(a)(2)(B); and

(ii) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word 365 and is set in New Century Schoolbook in a size equal to 14-point font.

Dated: December 4, 2024 /s/ *Paul W. Hughes*

**CERTIFICATE OF SERVICE**

I hereby certify that that on December 4, 2024, I filed the foregoing document via the Court's CM/ECF system, which effected service on all registered parties to this case.

Dated: December 4, 2024                            <u>/s/ *Paul W. Hughes*</u>